■ LEHIGH VALLEY INDUSTRIES, INC., Appellant, v. LEON A. HARRISON, Respondent, and PAUL D. WEST et al., Defendants.— Order, Supreme Court,

New York County, entered June 19, 1972, denying partial summary judgment, reversed, on the law, and the motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The action is by a corporation against several former employees to recover unlawful kickbacks received from a supplier. These funds were deposited in a Swiss bank account. The account requires the assent of all the defendants to effect a withdrawal. All of the defendants except the defendant Harrison have admitted the scheme and have assigned their interests in the account to plaintiff. By this motion plaintiff seeks the same relief against Harrison. Harrison alleges that he made no deposit in the Swiss account but that he is nonetheless the owner of an undisclosed portion of it. He explains this as follows: Without specifically denying any of the facts set out in the affidavits of the other defendants, he denies that there were any illegal kickbacks. He asserts that the others deposited their own funds with the purpose of acquiring the plant of the supplier. He, Harrison, was to render services in that acquisition, and for that he was to receive an interest in the plant when it was bought and had a corresponding interest in the funds accumulated for that purpose. Defendant's affidavit in opposition to the motion merely reiterates this contention without any supporting proof. No agreement among the depositors in the Swiss account is submitted, nor any account of when, where or how any claimed oral agreement was arrived at or what its terms are. As none of these facts is claimed to be, or could possibly be, in the knowledge of plaintiff, examination or discovery would not be significant. The defendant has failed to come forward with evidentiary facts to sustain his defense. And even granting the truth of defendant's allegations, no defense is set out. He does not deny the existence of a fraudulent scheme but merely states that he was not aware of it and did not participate in it. This is not enough to give him an interest in the fund. Concur — Nunez, J. P., Lane and Steuer, JJ.; Murphy and Capozzoli, JJ., dissent in the following memorandum by Murphy, J.: While we agree with the majority that Harrison's affidavit is somewhat devoid of factual detail and leaves much to be desired, we nevertheless discern sufficient factual issues raised to warrant denial of partial summary judgment at this time. We are particularly concerned about the absence of any supporting affidavit by the alleged co-conspirator Nolan, who apparently continues as an employee of appellant, and Harrison's categorical denial of any involvement in the asserted conspiracy. If, as Harrison contends, there were no illegal kickbacks or any illegal conspiracy, we fail to see how appellant has established its clear right to Harrison's interest in the Swiss account. Accordingly, we would afford Harrison an opportunity to complete his pretrial discovery and affirm the order appealed from without prejudice to its renewal upon such completion. Settle order on notice.